UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP PARHAM, <br><br> Petitioner, <br><br> v. <br><br> RALPH DIAZ, <br><br> Respondent. | Case No. CV 13-6692 RGK(JC) <br><br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |

## I. SUMMARY

On September 12, 2013, petitioner Robert Bishop Parham ("petitioner"), a California prisoner who is proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Current Federal Petition"). The Current Federal Petition challenges petitioner's 2009 conviction following a jury trial in Los Angeles County Superior Court (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

///

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Conviction and Direct Appeal

On April 28, 2009, a Los Angeles County Superior Court jury found petitioner guilty of first degree residential robbery, first degree burglary with a person present, and second degree robbery. Petitioner admitted that he had suffered one prior serious felony conviction within the meaning of California Penal Code section 667(a)(1) and had served six prior prison terms within the meaning of California Penal Code section 667.5(b).

On July 17, 2009, the trial court sentenced petitioner to a total term of sixteen (16) years in state prison.

On December 28, 2010, the California Court of Appeal affirmed the judgment. On April 13, 2011, the California Supreme Court denied review without comment.

### B. First Federal Petition/First Federal Action

On October 13, 2011, petitioner filed the First Federal Petition in which he challenged his conviction in the State Case, claiming (1) the trial court violated his federal constitutional right to confrontation when it admitted a slip of paper with a license plate number written on it and permitted a law enforcement officer to

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from court records in the Central District of California in the following case of which this Court takes judicial notice: Robert Bishop Parham v. Mike McDonald, No. CV 11-8479 RGK(JC) ("First Federal Petition" or "First Federal Action"). See Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases).

testify regarding out-of-court statements of the witness who generated the note ("Confrontation Clause Claim"); and (2) the evidence was insufficient to support his conviction for second degree robbery. On August 22, 2013, judgment was entered denying the First Federal Petition with prejudice on its merits and dismissing the First Federal Action with prejudice. On the same date, the Court's order denying a certificate of appealability was entered. Petitioner has not filed a notice of appeal.

### C. Current Federal Petition

As noted above, on September 12, 2013, petitioner filed the Current Federal Petition which again challenges the judgment in the State Case. Although not a model of clarity, the Current Federal Petition appears to seek to revive the Confrontation Clause Claim by offering additional legal authorities in support thereof. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270,

---

[3]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), i.e., that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense.  Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant

to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First Federal Petition was denied on its merits – not for a technical or procedural reason. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

## IV. ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice.[4]

DATED: September 19, 2013

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[4] The Court has alternatively construed the Current Federal Petition as a motion to reconsider its ruling in the First Federal Action, a motion to alter or amend the judgment in the First Federal Action under Fed. R. Civ. P. 59, and a motion for relief from judgment in the First Federal Action under Fed. R. Civ. P. 60(b). Construed as such, the Current Federal Petition is denied as the Court finds no basis to reconsider its ruling in the First Federal Action, to alter or amend the judgment in the First Federal Action or to afford petitioner relief from judgment in the First Federal Action.